# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND SCARPATO,
Plaintiff,

     v.

ALLSTATE INSURANCE COMPANY, et al.,
Defendants.

CIVIL ACTION

NO. 05-05520

## Memorandum and Order

YOHN, J.                                                           January ___, 2007

     Plaintiff Raymond Scarpato brings this action for damages against Allstate Insurance Company ("Allstate") and its agents for claims arising out of the failure to pay on a claim for which plaintiff alleges he was insured. Presently before the court is defendant Allstate's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion will be denied.

## I. Factual and Procedural Background

### A. Factual Allegations

     Plaintiff Raymond Scarpato owns real property located at 1629 Jackson Street, Philadelphia, PA ("the property"). Plaintiff purchased an insurance policy from defendants Allstate agents Michael P. Raimo, Jack Ruane, and Paul Sofia ("Allstate agents"). At the time, plaintiff was seeking to insure seven commercial properties. Plaintiff fully informed the Allstate

1

agents that the property was commercial in nature, containing an office, multiple apartments and a barbershop.  Although plaintiff told the Allstate agents that he often slept overnight at his office located at the property, he informed them that his actual residence was elsewhere in New Jersey, which was already insured by another insurance company.  Plaintiff left it up to the Allstate agents as to how all of his properties would be insured.  Defendants issued a policy to plaintiff providing coverage for the property and its contents, personal property, and loss of use, with various optional coverages and riders, including coverage for loss from fire.  Plaintiff remitted premium payments to the Allstate agents.

On August 1, 2004, the property was seriously damaged by fire, which resulted in damages of approximately $114,512.16.  Plaintiff reported the claim, and defendants later informed him that Allstate would not cover the damages because, as plaintiff did not reside at the property, it was not covered by the homeowner's policy that had been issued for the property. Plaintiff did not learn until after the fire that the Allstate agents had written the policy for the property as a "homeowner's policy," apparently because that was the only way they could procure coverage for all of plaintiff's commercial properties.

**B. Procedural History**

Plaintiff brought suit in the Philadelphia Court of Common Pleas against defendants based on the improper cancellation of his policy and the refusal to pay for any of the losses incurred by the fire.  The complaint contained three separate counts:  Count I charged all defendants with breach of contract (Compl. ¶¶ 17-18); Count II alleged negligence and/or reckless misconduct on the part of the Allstate agents (Compl.  ¶¶ 19-20); and Count III claimed all defendants violated the Unfair Claims Practices Act, under title 42, section 8371 of the

2

Pennsylvania Consolidated Statutes (Compl. ¶¶ 21-26).  On October 24, 2005, defendants filed a notice of removal in this court, alleging that plaintiff and defendants are completely diverse[1] and that the amount in controversy exceeded $75,000.  On October 26, 2005, defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  The plaintiff filed a response to defendants' motion to dismiss on December 12, 2005.

After a hearing on May 10, 2006, the court issued an order clarifying plaintiff's claims and ruling on defendants' motion to dismiss pursuant to Rule 12(b)(6).  The court order stated, *inter alia*, that:  Count I is asserted under plaintiff's policy of insurance and alleges a breach of the contract of insurance, and, as such, can only be asserted against Allstate; Count III asserting a claim of bad faith under section 8371, can only be asserted against Allstate and can include no claim for emotional distress; and plaintiff has alleged no claim for breach of a fiduciary duty or breach of any oral contract between plaintiff and the individual defendants.  (Order, May 11, 2006.)  Thus, three claims remained:  (1) a breach of contract action against Allstate, (2) a negligence action against the Allstate agents, and (3) a bad faith claim against Allstate.

On June 6, 2006, defendants filed an answer to plaintiff's complaint containing several affirmative defenses and counterclaims.  The counterclaims, on behalf of Allstate, included counterclaims for fraud and insurance fraud in violation of Pennsylvania's Insurance Fraud Statute, title 42, section 4117(b)(4) of the Pennsylvania Consolidated Statutes, based on plaintiff's alleged misrepresentation that he was residing at the property, and a request for a

---

[1]Plaintiff represents that he is a resident of New Jersey.  (*See* Pl.'s Answer to Def.'s Mot. to Dismiss 1.)  Defendant Allstate claims it is incorporated in Illinois, with its principal place of business in Illinois.  (Notice of Removal 1.)  Each of the Allstate agents claims to be a resident of Pennsylvania.  (*Id.*)

declaratory judgment that Allstate did not breach the Standard Homeowners Policy issued to plaintiff.  Plaintiff filed an answer to Allstate's counterclaims on July 7, 2006.

Allstate filed the instant motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on September 1, 2006.  Allstate seeks dismissal of the remainder of Counts I and III of plaintiff's complaint against Allstate for breach of contract and bad faith, respectively.  Allstate asserts that plaintiff's answer to Allstate's counterclaims contains several admissions that entitle Allstate to judgment as a matter of law.  (Def.'s Mot. for J. on the Pleadings 3.)  Specifically, Allstate points out that plaintiff, in his answer, admits that his primary residence was in Sewell, New Jersey, not at the property, and that he used the property as a business.  (*Id*. at 6.)  Taking these admissions in conjunction with the terms and obligations of the insurance policy, Allstate concludes that plaintiff is not entitled to coverage for his loss.  (*Id.*)  Furthermore, since plaintiff is not entitled to coverage, plaintiff cannot maintain a claim of bad faith against Allstate or, at the least, Allstate's coverage determination was reasonable.  (*Id.*  at 11-13.)  Plaintiff has filed a response asserting that Allstate's motion recites some of the same arguments as its motion to dismiss; that if the terms of the policy in fact precluded coverage it was the fault of the Allstate agents, not plaintiff, who was not even made aware of the actual terms of the policy until after the fire; and that Allstate can be liable for bad faith if plaintiff's policy loss is determined to be compensable.  (Pl.'s Answer to Def.'s Mot. for J. on the Pleadings 7-8.)

## II. Discussion

### A. Standard of Review

The standards for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) and a motion to dismiss pursuant to Rule 12(b)(6) are identical. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Thus, the court must accept as true all of the allegations in the complaint and draw all reasonable inferences in favor of the non-movant. *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000). "[J]udgment will not be granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court may dismiss a complaint "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swin Res. Sys., Inc. v. Lycoming County,* 883 F.2d 245, 247 (3d Cir. 1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). However, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### B. Breach of Contract Claim

Count I of plaintiff's complaint alleges a breach of contract against Allstate.[2]  Allstate argues that because plaintiff did not reside at the property and because he used it as a business, the express terms of plaintiff's Standard Homeowner's Policy preclude coverage.  Moreover, if plaintiff changed his use of the property, he was required to inform Allstate, thus again

---

[2]Pursuant to the court's order of May 11, 2006, Count I is only asserted against Allstate.

precluding coverage.  Central to Allstate's arguments is that plaintiff and Allstate were bound by the express terms of the Standard Homeowner's Policy.  (*See* Def.'s Mot. for J. on the Pleadings 9 n.3.)  However, plaintiff has asserted that he entered into a contract for coverage of his commercial property, a fact of which he made the Allstate agents aware.  Thus, plaintiff argues that if he was issued inappropriate coverage through the Allstate agents' mistake, such a mistake should be borne not by plaintiff, but by Allstate.[3]

As made clear by the Third Circuit, under the law of Pennsylvania, an exception to the general rule excluding parol evidence where a contract is clear and unambiguous "occurs where an insurance company incorporates into an insurance policy a provision which it knows to be inconsistent with the agreement of the parties as to the risks insured.  Under those circumstances the company is estopped from relying upon that provision to avoid liability under the policy." *Special Jet Servs., Inc. v. Fed. Ins. Co.*, 643 F.2d 977, 980 (3d Cir. 1981) (citing *Line Lexington Lumber & Millwork Co., Inc. v. Pa. Publ'g Corp.*, 301 A.2d 684 (1973) and *Gen. Elec. Credit Corp. v. Aetna Cas. & Surety Co.*, 263 A.2d 448 (1970)).  The Third Circuit explained that the Pennsylvania Supreme Court has held:

> Where one with an insurable interest . . . at the time of applying for a policy, advises the agent of the insurance company . . . of the desired coverage and truthfully states to such agent the facts involved in the risk, and the agent, acting within his real or apparent authority and without the actual or constructive knowledge of the applicant, fails to insert a requested provision, the insurer cannot set up such a mistake in avoidance of the policy.

---

[3]Plaintiff asserts in paragraph four of his complaint that defendants Raimo, Ruane, and Sofia were "the lawful agents, servants, and/or employees of Allstate Insurance Company who were acting within the course and scope of their employment" (Compl. ¶ 4.)  Similarly, paragraph five asserts, "the defendant, Allstate Insurance Company, acted by and through its lawful agents, servants, and/or employees who were acting within the course and scope of their employment."  (Compl. ¶ 5.)

*Special Jet Servs., Inc.*, 643 F.2d at 980-981 (citing *Gen. Elec. Credit Corp.*, 263 A.2d at 455).

The Third Circuit went on to note that the Pennsylvania Supreme Court had further "extended

[this] holding . . . to the situation where an insurance agent, knowing that the insured expects a

requested form of coverage, nevertheless intentionally omits that coverage from the insurance

policy.  The insurance company is then estopped from relying on this defect in the policy."

*Special Jet Servs., Inc.*, 643 F.2d at 981 (citing *Line Lexington*, 301 A.2d at 687 (1973)).  The

Third Circuit additionally pointed out that under "Pennsylvania insurance law, there is no general

duty to read the policy; rather, the insured may be justified in relying on oral representations

made to him at the time he applied for the policy."  *Special Jet Servs., Inc.*, 643 F.2d at 982

(citing *Rempel v. Nationwide Life Ins. Co.*, 370 A.2d 366, 368-69 (1977)); *see also*, *Huu Nam*

*Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 137 (3d Cir. 2005) (noting that for purposes of a duty

to read, the Pennsylvania Supreme Court has "identified 'a crucial distinction between cases

where one applies for a specific type of coverage and the insurer unilaterally limits that coverage,

resulting in a policy quite different from what the insured requested, and cases where the insured

received precisely the coverage that he requested but failed to read the policy to discover clauses

that are the usual incident of the coverage applied for'" (quoting *Tonkovic v. State Farm Mut.*

*Auto. Ins. Co.*, 521 A.2d 920, 925 (Pa. 1987))).  This is essentially what plaintiff has alleged.

Thus, Allstate's motion for judgment on the pleadings with respect to Count I is denied.

### C. Bad Faith Claim

Count III of plaintiff's complaint alleges that Allstate through its "representatives, agents

and employees [has] breached [its] duty to [its] insured to act in good faith," (Compl. ¶ 21), and

"knew and/or recklessly disregarded [its] duty of insuring plaintiff, and that [it] lacked a

reasonable basis for denial of the claim by the following actions" (*Id.* at ¶ 22).[4]  The complaint goes on to list numerous actions that allegedly constitute a violation of the insurance policy's covenant of good faith and fair dealing and that are in violation of section 8371.  (*Id.* at ¶ 23, 25-26.)  Allstate asserts that because plaintiff is not entitled to coverage under the insurance policy, Allstate cannot be liable for bad faith.  In the alternative, Allstate argues that plaintiff's claim must be dismissed because its coverage determination was at least reasonable.

The Pennsylvania Legislature created a statutory cause of action against insurers who act in bad faith toward their insureds, providing:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371; *see also Younis Bros. & Co. v. Cigna Worldwide Ins. Co.*, 899 F. Supp. 1385, 1396 (E.D. Pa. 1995).  To establish a claim for bad faith denial of insurance coverage under Pennsylvania law, a plaintiff must show "with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis."  *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

---

[4]Pursuant to the court's order of May 11, 2006, Count III is only asserted against Allstate.

Because this is a motion for judgment on the pleadings, and not one for summary judgment, it would be premature for this court to hold that plaintiff can not provide clear and convincing evidence that Allstate acted in bad faith.[5]  The question before a court on a motion to dismiss or for judgment on the pleadings is whether, under any reasonable reading of the pleadings, plaintiff has alleged a claim.  *See Simon v. Cebrick,* 53 F.3d 17, 19 (3d Cir. 1995).  As per Federal Rule of Civil Procedure 8, the complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiff's cause of action.  *Orrison v. Farmers New Century Ins. Co.*, 2004 U.S. Dist. LEXIS 10698, at *6 (E.D. Pa. June 8, 2004) (citing *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000)).  In later proceedings, plaintiff will have the burden of producing clear and convincing evidence of Allstate's bad faith.

The court finds that the complaint sufficiently pleads a claim under section 8371 against Allstate.  The complaint sets forth the basic facts of plaintiff's interaction with Allstate, including the issuance of the insurance policy, the fire loss, and Allstate's refusal to provide coverage for the fire loss.  (Compl. ¶¶ 7-16.)  The complaint states that Allstate "refus[ed] to pay plaintiffs' [sic] claim without conducting a reasonable investigation based upon all available information" and "assert[ed] policy defenses without a reasonable basis in fact."  (Compl. ¶ 23 (a), (c).)  Thus, it can be inferred that Allstate did not have a reasonable basis for denying plaintiff's claim.  The complaint also specifically avers that Allstate "knew and/or recklessly disregarded [its] duty of insuring plaintiff, and that [it] lacked a reasonable basis for denial of the claim."  (Compl. ¶ 22.)

---

[5]To the extent that Allstate asserts the claim for bad faith must be dismissed because plaintiff is not entitled to coverage under the policy see *supra* Part.II.B.

9

Therefore, Count III of the complaint sufficiently states a claim for bad faith under section 8371.

Consequently, the motion for judgment on the pleadings with respect to Count III will be denied.

**III. Conclusion**

For the foregoing reasons, Allstate's motion for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c) will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND SCARPATO<br>Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY, et al.,<br>Defendants. | : | NO. 05-05520 |
| | : | |
| | : | |
| | : | |

## Order

YOHN, J.

　　　　AND NOW on this _____ day of January 2007, upon consideration of defendant's

motion for judgment on the pleadings (Doc. No. 18) and plaintiff's response thereto (Doc. No.

22), it is hereby ORDERED that the motion is DENIED.


　　　　　　　　　　　　　　　　　　    William H. Yohn Jr.    
　　　　　　　　　　　　　　　　　　　William H. Yohn Jr., Judge